IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NEW VECTOR COMMUNICATIONS, INC., | § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 3:06-CV-1896-D |
| VS. | § § | |
| STRATEGIC COMMUNICATIONS SERVICES, INC., | § § § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Strategic Communications Services, Inc. ("SCS") moves to dismiss this case under Fed. R. Civ. P. 12(b)(2) and (3) or, alternatively, to transfer it under 28 U.S.C. § 1404(a) to the District of North Carolina. Plaintiff New Vector Communications, Inc. ("New Vector") has not responded to the motion. For the reasons that follow, the court grants SCS's motion to dismiss and dismisses this case without prejudice for lack of *in personam* jurisdiction.

I

New Vector sues SCS to recover on claims of breach of contract, sworn account, and quantum meruit in connection with an agreement under which New Vector would provide radios and CPUs and related services for SCS's customers.

On December 4, 2006 New Vector filed a motion to dismiss and alternative motion to transfer venue. SCS's response to that motion was due on December 26, 2006. *See* N.D. Tex. Civ. R. 7.1(e) (as calculated according to Rule 6(a)). New Vector has not responded to the motion, and it is now ripe for decision.

II

A

The determination whether a federal district court has *in personam* jurisdiction over a nonresident defendant is bipartite. The court first decides whether the long-arm statute of the state in which it sits confers personal jurisdiction over the defendant. If it does, the court then resolves whether the exercise of jurisdiction is consistent with due process under the United States Constitution. *See Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999). Because the Texas long-arm statute extends to the limits of due process, the court need only consider whether exercising jurisdiction over SCS would be consistent with the Due Process Clause of the Fourteenth Amendment. *See id.*; *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000).

> The Due Process Clause of the Fourteenth Amendment permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend "traditional notions of fair play and substantial justice." To comport with due process, the defendant's conduct in connection with the forum state must be such that he "should reasonably anticipate being haled into court" in the forum state.

*Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (footnotes omitted). To determine whether exercising jurisdiction would satisfy traditional notions of fair play and substantial justice, the court examines (1) the defendant's burden, (2) the forum state's interests, (3) the plaintiff's interest in convenient and effective relief, (4) the judicial system's interest in efficient resolution of controversies, and (5) the states' shared interest in fundamental social policies. *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 421 (5th Cir. 1993).

A defendant's contacts with the forum may support either specific or general jurisdiction

over the defendant. *Mink*, 190 F.3d at 336. "Specific jurisdiction exists when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action. General jurisdiction exists when a defendant's contacts with the forum state are unrelated to the cause of action but are 'continuous and systematic.'" *Id.* (citations omitted).

"The district court usually resolves the jurisdictional issue without conducting a hearing." *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993) (footnote omitted). "When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, it must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts posed by the affidavits. Therefore, in a no-hearing situation, a plaintiff satisfies his burden by presenting a *prima facie* case for personal jurisdiction." *Latshaw*, 167 F.3d at 211 (footnotes omitted).

B

In New Vector's first amended complaint, it alleges that the court has *in personam* jurisdiction over SCS because "SCS has repeatedly engaged in business in Texas," 1st Am. Compl. ¶ 3, SCS has "conducted business in Texas as more fully set forth herein," *id.* at ¶ 4,[1] and SCS has "entered into a contract with New Vector in Texas which was performable in Texas and several other states," *id.*[2] Through an affidavit submitted in support of its motion, SCS controverted the

---

[1] The remaining allegations of the first amended complaint do not establish that SCS conducted business specifically in Texas.

[2] New Vector filed its first amended complaint on November 21, 2006 and filed its second amended complaint on December 29, 2006, after SCS filed its motion to dismiss. Because the allegations of the second amended complaint are not materially different in pleading the facts that support *in personam* jurisdiction, the filing of the second amended complaint does not alter the court's decision.

allegations of New Vector's first amended complaint that purport to show the existence of specific and general jurisdiction. According to the affidavit of Todd Stiles, SCS does not have general contacts with the state of Texas. D. App. 1-2. Additionally, SCS has never conducted business in Texas and has never entered into a contract for services to be performed, or that was performable, in Texas. *Id.* at 1. And the claims of New Vector against SCS in this lawsuit arise out of a purchase order under which New Vector was to provide services for installation of radios and CPUs on job sites in North and South Carolina. *Id.* at 2. No contract was negotiated, signed, or performable in Texas. *Id.* None of the services contemplated under the purchase order was to be performed in Texas, and no installation services were performed in Texas; all services were performed on job sites in North and South Carolina. *Id.* The limited contacts that SCS had with Texas were in the form of correspondence and/or telephone calls with New Vector concerning services to be performed outside Texas and solely to facilitate work being done in North and South Carolina. *Id.*

The burden then shifted to New Vector to adduce affidavit evidence sufficient to satisfy the minimum contacts prong of the due process test. New Vector did not respond to the motion and, consequently, did not carry this burden. Because New Vector has failed to establish SCS's minimum contacts with Texas, this court is not shown to have *in personam* jurisdiction. The action against New Vector must therefore be dismissed without prejudice.

* * *

New Vector's December 4, 2006 motion to dismiss is granted, and this action is dismissed without prejudice by judgment filed today.

**SO ORDERED**.

February 13, 2007.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE