IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NEW VECTOR COMMUNICATIONS, INC., § § § Plaintiff, § § Civil Action No. 3:06-CV-1896-D VS. § § STRATEGIC COMMUNICATIONS § SERVICES, INC., § § Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff New Vector Communications, Inc. ("New Vector") moves for a "new trial" and relief from the court's judgment dismissing this case without prejudice for lack of *in personam* jurisdiction over defendant Strategic Communications Services, LLC ("SCS"). *See New Vector Commc'ns, Inc. v. Strategic Commc'ns Servs., Inc.*, 2007 WL 465215, at *3 (N.D. Tex. Feb. 13, 2007) (Fitzwater, J.) ("*New Vector I*"). Treating the motion as a Fed. R. Civ. P. 59(e) motion to alter or amend the judgment, the court denies it for the reasons that follow.

I

In October 2006 New Vector sued SCS to recover on claims of breach of contract, sworn account, and quantum meruit in connection with an agreement under which New Vector would provide radios and CPUs and related services for SCS's customers. *New Vector I*, 2007 WL 465215, at *1. On December 4, 2006 New Vector filed a motion under Rules 12(b)(2) and 12(b)(3) to dismiss and alternative motion

to transfer venue ("motion to dismiss").  SCS's response was due on December 26, 2006.  *Id.* (applying N.D. Tex. Civ. R. 7.1(e), as calculated according to Fed. R. Civ. P. 6(a)).  New Vector did not respond to the motion, and the court granted it on February 13, 2007.  New Vector now moves for a "new trial" and relief from judgment.  SCS opposes the motion.

                                II

Although New Vector titles its motion as one for "new trial," it is not properly brought under Rule 59(a).  *See Artemis Seafood, Inc. v. Butcher's Choice, Inc.*, 1999 WL 1032798, at *1 (N.D. Tex. Nov. 10, 1999) (Fitzwater, J.).  Rule 59(a) provides that a motion for a new trial is to be used when the case has been tried to a jury or by the court.  The court dismissed New Vector's case on a motion to dismiss for lack of *in personam* jurisdiction.  It was not decided by trial.  Accordingly, Rule 59(a) is not a proper basis for relief, and New Vector's motion is not properly deemed a motion for new trial.

Nor is the motion properly viewed as one filed under Rule 60(b), which is the other rule that New Vector cites.  "If [a] motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)."  *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990) (addressing motion for reconsideration) (citing *Harcon Barge Co., Inc. v. D & G Boat*

- 2 -

*Rentals, Inc.*, 784 F.2d 665, 667 (5th Cir. 1986)).  New Vector filed its motion on February 19, 2007, six days after the court entered the judgment of dismissal.  Accordingly, it is properly viewed as a Rule 59(e) motion to alter or amend the judgment and will be decided accordingly.

                                III

The court now considers whether New Vector is entitled to relief under Rule 59(e).

Although the court dismissed New Vector's case for failure to establish that the court has *in personam* jurisdiction over SCS, the dismissal is sufficiently analogous to entry of a default judgment that, in deciding New Vector's motion, the court will be guided by the factors considered when determining whether to set aside a default judgment.  In making this decision, the court considers such factors as whether the default was the result of excusable neglect, whether setting aside the default would prejudice the adversary, and whether a meritorious defense is presented.  *See CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 63-64 (5th Cir. 1992).[1]  "These factors are not 'talismanic,' and [the court] will consider others.  The ultimate inquiry remains whether the defendant shows 'good cause' to set aside the default.  The

---

[1] *CJC Holdings* actually states that the first factor is "whether the default was willful," *CJC Holdings*, 979 F.2d at 64, but it "suggest[s] that district courts should use the less subjective excusable neglect standard in the future[,]" *id.*

- 3 -

district court need not consider all of these factors." *Id.* (citations omitted).

                                IV

New Vector's failure to respond to the motion to dismiss was the result of excusable neglect.

New Vector maintains that its failure to respond was due to "a miscommunication" between the parties, and New Vector did not respond to the motion to dismiss because it believed there had been an agreement not to incur the expense of litigating the motion until after mediation. P. Mot. 3. New Vector points to the parties' dealings in preparing a status report that the parties submitted as part of the Rule 26(f) scheduling process. And New Vector contends that it included in the status report a request that the court delay a ruling on the motion, but that, without its counsel's approval, SCS's attorney edited out the request before filing the report with the court.

SCS vigorously disputes New Vector's account of what occurred. In sum, SCS contends that its counsel drafted the joint status report and sent it to New Vector's attorney on January 4, 2007. At 5:21 p.m. on January 5, 2007——the date the report was due——New Vector's counsel proposed changes to the draft, including to the request that the court delay a ruling on the motion to dismiss. SCS's counsel agreed to make changes to New Vector's contentions, but not other changes, and she notified New Vector's counsel of

- 4 -

this fact at 6:06 p.m. SCS's counsel then waited over 40 minutes for a response and, when none was received, she electronically filed the revised joint status report at 6:47 p.m., serving New Vector's counsel with a copy through the court's electronic notification system.

The court need not resolve every aspect of the parties' intense dispute about what occurred during the scheduling process to reach the conclusion that New Vector's failure to respond to the motion to dismiss was not the result of excusable neglect. The deadline for New Vector to respond to SCS's motion to dismiss was December 26, 2006. Counsel did not meet for the Rule 26(f) conference until January 3, 2007, and their exchange of proposed status reports did not occur until January 4 and 5, 2007. Even if a miscommunication occurred during this period, it could not have provided excusable neglect for New Vector's failure to respond to the motion by the due date or even within one week of the due date.[2]

Although the alleged miscommunication could theoretically explain why New Vector did not file a response between January 5,

---

[2]In its reply brief, New Vector argues that the focus should not be on the joint status report process because there were miscommunications about settlement that preceded even the filing of the lawsuit. It has not shown, however, that these general settlement communications—many of which were between the parties directly—led it reasonably to believe it was not obligated to respond to SCS's motion to dismiss the lawsuit, which SCS filed after the suit was initiated.

- 5 -

2007 and February 13, 2007 (when the court decided the motion), New Vector's explanation does not establish excusable neglect. After SCS filed the motion to dismiss on December 4, 2006, New Vector took no steps to obtain a court-approved extension of the response date, apart from attempting to include the request in a joint status report. SCS has adduced documentary evidence, however, that New Vector's counsel either knew, or could have known, on or shortly after January 5, 2007 that SCS had not agreed to include this request in the joint status report. *See* D. App. Ex. E (stating that SCS's counsel did not agree to request for court to delay ruling on, or consideration of, motion to dismiss and that SCS "is opposed to this request").[3] New Vector still took no steps to obtain from the court a stay of the ruling or a continuance of the response deadline. Even assuming that up to that point in time New Vector was reasonably under the impression that SCS would not press its motion while settlement was being pursued, New Vector knew or should have known then that it was mistaken. And it should have known that the court had not been informed of any request to defer a ruling or to enlarge the response deadline. Yet New Vector still took no action from that date until February 13, 2007, over one month later, when the court issued its decision. New Vector has not shown excusable neglect.

---

[3]The court has cited SCS's exhibit because it did not number the pages of its appendix as required by N.D. Tex. Civ. R. 7.1(i)(4).

V

The court assesses next whether setting aside the judgment of dismissal would prejudice SCS.

A party who secures dismissal of a case will of course "suffer *some* form of prejudice anytime it obtains such relief and the opposing party is successful in having it set aside.  The court must therefore assess whether the prejudice is *unfair*." *Artemis Seafood, Inc.*, 1999 WL 1032798, at *3 (emphasis in original).  If the court sets aside the judgment, it would then adjudicate the motion to dismiss anew, which could result in dismissing or transferring the case.  This is not unfairly prejudicial to SCS, except to the extent it has incurred attorney's fees and costs in responding to New Vector's Rule 59(e) motion.  As in *Artemis Seafood*, the court holds that if SCS is compensated for such fees and costs, the prejudice to SCS of granting the motion is not unfair.

VI

The final factor is whether a meritorious defense is presented, or, in the context of this case, whether New Vector can show that the court can exercise *in personam* jurisdiction over SCS.

Because New Vector did not respond to SCS's motion to dismiss, it never attempted to establish that the court can exercise such jurisdiction.  In its motion for new trial or relief from judgment, reply brief, and final reply, it has not attempted to make this

- 7 -

showing.[4]  Even after SCS alerted New Vector in its response and brief to the fact that its motion "does not include, or even refer to, evidence [New Vector] would have offered in response to [SCS's] Motion to Dismiss," D. Resp. 1; D. Br. 1-2, New Vector has not attempted to demonstrate that the court has *in personam* jurisdiction over SCS.  In its final reply, it attempts to excuse this failure, contending that it "has been unable to provide any jurisdictional facts in its Motion because again [it] relied on [SCS's] representation to not move forward with litigation until mediation and has not conducted any discovery on the issue."  P. Final Reply 3.  But as *New Vector I* explains, New Vector was only required to make a prima facie showing.  *New Vector I*, 2007 WL 465215, at *2.  In the court's experience, this often requires little or no discovery.  Moreover,

> [i]n New Vector's first amended complaint, it alleges that the court has *in personam* jurisdiction over SCS because "SCS has repeatedly engaged in business in Texas," SCS has "conducted business in Texas as more fully set forth herein," and SCS has "entered into a contract with New Vector in Texas which was performable in Texas and several other states[.]"

---

[4]In its reply brief, New Vector contends that a passage in the joint status report, in which it asserts that jurisdiction is proper but, if the court determines it is not, the case should be transferred rather than dismissed, constitutes a response to the motion to dismiss. P. Reply Br. 6.  This contention obviously lacks merit.  But even if this brief passage in a scheduling proposal should be treated as a response, it certainly is inadequate to meet New Vector's obligation to establish a prima facie case.

*Id.* (footnotes and citations omitted).  New Vector must have had some basis—at least one that enabled its counsel to satisfy Rule 11(b)(3)—to make these jurisdictional assertions.  Finally, New Vector asserts that its pre-lawsuit settlement efforts with SCS extended over a period of more than one year.  P. Reply Br. 2.  It is not apparent why, during this period, it could not have developed the proof necessary to satisfy a prima facie showing of *in personam* jurisdiction.

New Vector cannot show a meritorious defense, i.e., that the court can exercise *in personam* jurisdiction over SCS.

\*     \*     \*

Accordingly, for the reasons explained, the court concludes that New Vector is not entitled to relief from the judgment dismissing this case without prejudice.  New Vector's motion to

alter or amend the judgment is denied.[5]

**SO ORDERED.**

June 8, 2007.

                      _____
                      SIDNEY A. FITZWATER
                      UNITED STATES DISTRICT JUDGE

---

[5]Because the court dismissed this suit without prejudice, New Vector is entitled to refile the case in a forum that can exercise *in personam* jurisdiction over SCS. According to SCS, in April 2007 New Vector commenced a new lawsuit against SCS in North Carolina state court. Although New Vector argues that it filed the North Carolina suit to avoid the limitations bar, and that it has the right to proceed in this forum, it does dispute that it will be able to litigate its claims against SCS. New Vector is not left without a remedy against SCS by virtue of the court's decision in *New Vector I* or today.